IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIVA HEALTH BRANDS LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GOODVITAMIN FOODS PVT. LTD., an Indian corporation; and DOES 1 - 20, INCLUSIVE,<br><br>Defendants. | CIVIL NO. 21-00042 HG-RT<br><br><br>**FINDINGS AND RECOMMENATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

**FINDINGS AND RECOMMENATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On November 17, 2022, Plaintiff Kiva Health Brands LLC's ("Plaintiff")

Motion for Default Judgment ("Motion") came on for a telephonic hearing before

the Honorable Rom A. Trader.  Attorney Nathaniel Dang appeared on behalf of

Plaintiff.  No other party appeared.

After careful consideration of the unopposed *Motion*, records and files in

this case and applicable law, the Court hereby **FINDS** and **RECOMMENDS** that

the *Motion* be **GRANTED IN PART** and **DENIED IN PART** as follows.

## BACKGROUND

Plaintiff commenced this action on January 14, 2021 against Defendant

Goodvitamin Foods Pvt. Ltd. ("Defendant") alleging claims for federal trademark

infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*, 1125 *et seq.* and 1126 *et seq.*  ECF No. 1 at PageID.3.  The Complaint was personally served upon Defendant, an Indian corporation, by means of an Indian process server, on November 11, 2021.  ECF No. 19.  Defendant failed to timely answer or otherwise respond to the Complaint.  The Clerk entered default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on May 4, 2022.  ECF No. 21.

Plaintiff filed the instant *Motion* on September 15, 2022.  ECF No. 25. Plaintiff served Defendant a copy of the *Motion* at Defendant's last-known mailing address via U.S. mail and/or international post.  ECF No. 25-10.  No response or opposition was filed by Defendant.

## DISCUSSION

### A.    Jurisdiction

Before considering the merits of the requested default judgment, the Court must determine whether it has jurisdiction.  *See In Re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The Court has subject matter jurisdiction under federal question as the Complaint alleges trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), among other claims.

The Court also has personal jurisdiction over Defendant, an Indian corporation, under Fed. R. Civ. P. 4(k)(2), which permits a federal court to exercise personal jurisdiction over a defendant if "the defendant is not subject to

2

jurisdiction in any state's courts of general jurisdiction," and "exercising

jurisdiction is consistent with the United States Constitution and laws." *Id.*

> The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. **First**, the claim against the defendant must arise under federal law. **Second**, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. **Third**, the federal court's exercise of personal jurisdiction must comport with due process.

*See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) (citations

omitted) (emphasis added).  The first two requirements are met because Plaintiff's

claims arise under federal trademark law, and it is not alleged that Defendant is

subject to general jurisdiction in any state court.  *Id.*; *see 42 Ventures, LLC v. Vinit*

*Mav*, Civ. No. 20-00228 DKW-WRP, 2022 WL 2400030 at *3 (D. Haw. June 15,

2022) (adopted by Court, 2022 WL 2392484 (July 1, 2022)), *report and*

*recommendation adopted*, Civ. No. 20-00228 DKW-WRP, 2022 WL 2392484 (D.

Haw. July 1, 2022).

As to the third requirement, "[t]he due process analysis under Rule 4(k)(2) is

nearly identical to traditional personal jurisdiction analysis with one significant

difference: rather than considering contacts between [the defendant] and the forum

state, we consider contacts with the nation as a whole."  *42 Ventures, LLC*, 2022

WL 2400030 at *3 (quoting *Holland Am. Line Inv. v. Wartsila N. Am. Inc.*, 485

F.3d 450, 462 (9th Cir. 2007)).

For personal jurisdiction under Rule 4(k)(2) to comport with due

3

process, three conditions must be met: **(1)** a nonresident defendant must either purposefully direct his activities to the United States or purposefully avail himself of the privilege of conducting activities in the United States; **(2)** the claim must arise out of or relate to those U.S. – related activities; and **(3)** exercising jurisdiction must be reasonable.

*42 Ventures, LLC*, 2022 WL 2400030 at *3 (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068, 1072 (9th Cir. 2017)) (emphasis added).

For intentional torts such as trademark infringement, a plaintiff must satisfy the first condition by showing either **(1)** that the tortious conduct occurred in the United States; or **(2)** that out-of-forum tortious conduct was purposefully directed to the United States.

*Id.* (citing *Freestream Aircraft (Berm.) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 604-06 (9th Cir. 2018)) (emphasis added). In this case, the alleged facts are sufficient to show Defendant's trademark infringement. The first and second elements to establish that personal jurisdiction comports with due process are met. Defendant's unauthorized use of Plaintiff's mark[1] and taglines,[2] and Infringing Names[3] on or in conjunction with the manufacture, sale and distribution of products was alleged to have occurred in the United States, in particular Las Vegas, [4] or was purposefully directed to the United States through the

---

[1] Plaintiff alleges that that it is the owner and registrant under the U.S. Trademark Registrations of the name KIVA ("KIVA Mark"). ECF No. 25-1 at PageID.164
[2] Plaintiff alleges that it is the owner and registrant of its tagline, SUPERFOOD. FOR A HEALTHIER YOU.® ("Tagline").
[3] Plaintiff alleges that Defendant's use of the names KIVA, AKIVA, AKIVA LOVE and AKIVA SUPERFOODS (collectively "Infringing Names") constitute trademark infringement.
[4] Plaintiff alleges that Defendant used Amazon to ship its infringing products from

Amazon.com website.  ECF No. 1 at PageID.7-8, ¶ 13.  Defendant's attorney in India stated that Defendant had offered its goods for sale in the United States through e-commerce platforms such as Amazon.  ECF No. 25-2 at PageID.192.

Defendant has the burden of establishing the third element of whether exercising jurisdiction would be reasonable.  *See 42 Ventures*, 2022 WL 2400030 at *5; *Mavrix Photo. Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (the defendant has the burden to present a "compelling case" as to why the exercise of jurisdiction would not be reasonable).  However, in this case, by failing to answer the Complaint, Defendant failed to present any evidence or argument to establish a "compelling case" that exercise of jurisdiction would be unreasonable.  *See 42 Ventures*, 2022 WL 2400030 at *5; *Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co. Ltd.*, No. 2:18-cv-01032-TSZ, 2019 WL

---

an Amazon fulfillment center located in Las Vegas, Nevada to Honolulu, Hawai'i.  A sample of Defendant's "Tumeric Honey Ginger" juice shot product was purchased by Plaintiff through the Amazon.com website.  ECF No. 25-2 at PageID.192, ¶ 4.  Both the box and juice shots bore the name "AKIVA LOVE," and stated that it was marketed by Defendant in New Delhi, India.  ECF No. 25-4.  The box containing Defendant's product was shipped in an Amazon packing envelope.  ECF No. 25-5.  The return address on the envelope's shipping label states:

> AKIVA SUPERFOODS
> 3837 Bay Lake Trail, Suite 115
> North Las Vegas, NV 89030

*Id.*  Plaintiff alleges that a search for this address leads to an Amazon fulfillment center in Las Vegas, Nevada.  ECF No. 25-2 at PageID.192, ¶ 6.

1572675 at *5 (W.D. Wash. Apr. 11, 2019) ("By failing to answer the Complaint, the Defaulting Defendants failed to present any evidence or make any arguments that exercise of jurisdiction would be unreasonable.  The Court thus holds that the Defaulting Defendants have conceded to the factual allegations stated in the Complaint, [including] that witnesses and evidence are located in this forum because Philips' principal place of business is in Washington.").

Nevertheless, the Court shall consider whether the exercise of jurisdiction would be unreasonable.  The Ninth Circuit considers seven factors when doing so:

> (1) the extent of the defendant['s] purposeful interjection into the forum['s] affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant['s] [forum]; (4) the [forum's] interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CollegeSource, Inc. v. Academy One, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011).  No one factor is dispositive and all must be balanced.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488-89 (9th Cir. 1993).  As to the first factor, as discussed previously, Defendant purposefully injected itself into the U.S. forum through the sale and distribution of its products through Amazon and its use of Amazon's fulfillment center in Las Vegas, Nevada.

As to the second factor, the Court has no knowledge of any burden on the Defendant.  "[W]ith the advances in transportation and telecommunications and the

increasing interstate practice of law, any burden [of litigation in a forum other than one's residence] is substantially less than in days past." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011) (citation omitted). As to the fourth and sixth factors, because Plaintiff is a U.S. entity with a principal place of business in Hawaii, the U.S. forum has a strong interest in adjudicating the dispute (the fourth factor) and litigating in the U.S. forum meets Plaintiff's interest in convenient and effective relief (sixth factor). *See Kubley v. Whetstone*, 2004 WL 2827716 at *9 (D. Alaska Dec. 3, 2004) ("A state almost invariably has an interest in providing a forum for the redress of harm inflicted on its citizens by nonresidents."). Four of the seven factors weigh in favor of the reasonableness of the exercise of jurisdiction. Accordingly, the Court cannot find that the exercise of jurisdiction would be unreasonable.

### B.    The *Eitel* Factors

The Court now turns to whether default judgment is appropriate and considers the following seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

### 1.  Possibility of Prejudice

The first *Eitel* factor considers whether Kiva will suffer prejudice if default judgment is not entered.  Plaintiff will be left without recourse absent default judgment and thus, this factor weighs in favor of default.

### 2.  Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, involving the merits of the claims and sufficiency of the Complaint, require that Plaintiff state a claim on which it may recover.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  The factual allegations in the Complaint will be taken as true for the purposes of liability, except those relating to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Plaintiff brought four claims against Defendant: (1) Trademark Infringement in Violation of Sections 32 *et seq.* of the Lanham Act ("First Count"); (2) Federal Unfair Competition in Violation of Sections 43(a), 44(h), and 44(i) of the Lanham Act ("Second Count"); (3) Unfair and Deceptive Trade Practices Under State Law ("Third Count"); and (4) Unfair Competition Under State Law ("Fourth Count").  The Court shall address each in turn.

### a.  First Count:  Trademark Infringement in Violation of the Lanham Act

In order to prevail on its claim for trademark infringement on registered marks under the Lanham Act, 15 U.S.C. § 1114, Plaintiff "must prove: (1) that it

8

has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion[.]" *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006) (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985)).

Plaintiff has alleged sufficient facts in support of the first element. Plaintiff has alleged it is the owner and registrant under U.S. Trademark Registrations for the KIVA Mark, which has been issued on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"), including the following:

| Reg. No. | Reg. Date | International Class/Goods |
|---|---|---|
| 4514257 | 4/15/2014 | 005: nutritional food supplements<br>029: organic foods, etc.<br>030: organic foods, etc. |
| 4804607 | 9/1/2015 | 029: organic foods, etc. |
| 5108487 | 12/27/2016 | 003: oils, lotions and cosmetics<br>029: dried fruits and snacks, etc.<br>030: candy, honey, spices, etc.<br>032: fruit drinks, concentrates, etc. |

*See* ECF No. 1 at PageID.6-7, ¶ 11; ECF No. 1-1 at PageID.26-35. Plaintiff has also stated it is the owner and registrant under U.S. Trademark Registration No. 4572021 for its Tagline, SUPERFOOD. FOR A HEALTHIER YOU.® ("Tagline"), issued on July 22, 2014, for food goods and food supplements in International Classes 5, 29, and 30. ECF No. 1-1 at PageID.37-38; ECF No. 1 at PageID.7, ¶ 12.

The facts in the Complaint are also sufficient to establish that Defendant's use of Plaintiff's registered marks are likely to cause consumer confusion. The Ninth Circuit has set forth an eight-factor test for determining whether consumers would likely be confused.

> [1] strength of the mark; [2] proximity of the goods; [3] similarity of the marks; [4] evidence of actual confusion; [5] marketing channels used; [6] type of goods and the degree of care likely to be exercised by the purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of expansion of the product lines.

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), abrogated on other grounds by *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003). When the allegedly infringing advertisements take place "'in the context of the web,' the three most important *Sleekcraft* factors . . . are (1) the similarity of the marks, (2) the relatedness of the goods and services, and (3) the parties' simultaneous use of the Web as a marketing channel." *Interstellar Starship Services, Ltd. v. Epix, Inc.*, 304 F.3d 936, 942 (9th Cir. 2002) (citing *GoTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000)). "When this 'controlling troika' . . . or internet trinity, 'suggests confusion is . . . likely,' the other factors must 'weigh strongly' against a likelihood of confusion to avoid the finding of infringement." *Id*. (citing *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1058 (9th Cir. 1999).

The first of the controlling factors is the similarity of the marks.  "[T]he more similar the marks in terms of appearance, sound, and meaning, the greater the likelihood of confusion." *Brookfield*, 174 F.3d at 1054.  "Similarity of the marks is tested on three levels: sight, sound, and meaning.  Each must be considered as they are encountered in the marketplace." *Sleekcraft*, 599 F.2d at 351 (citations omitted).  The names Defendant uses, including KIVA (which is literally identical to Kiva's registered KIVA Mark), AKIVA (which merely appends "A" to the KIVA Mark and is confusingly and deceptively similar to it), AKIVA LOVE (which merely further appends LOVE to AKIVA), and AKIVA SUPERFOODS (which merely appends the descriptive phrase SUPERFOODS to AKIVA) are at least confusingly similar in terms of sight and sound to Kiva's federally registered KIVA Mark.  ECF No. 1 at PageID.7-12.  Defendant's Tagline SUPERFOODS FOR A SUPER YOU! is confusingly similar to Kiva's federally registered Tagline SUPERFOOD. FOR A HEALTHIER YOU.®, in terms of sight, sound, and meaning.

The second of the controlling factors, the relatedness or proximity of the goods, is "measured by whether the products are: (1) complementary; (2) sold to the same class of purchasers; and (3) similar in use and function." *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011) (citing *Sleekcraft*, 599 F.2d at 350).  Plaintiff has alleged that

Defendant's goods directly compete with Plaintiff's products.  Plaintiff's and Defendant's goods are complementary, sold to the same type of customers, and are nearly identical in use and function.  The second factor in the goods proximity analysis thus favors Plaintiff.

As to the third of the controlling *Sleekcraft* factors (the marketing channels for the parties' goods), both Plaintiff and Defendant advertise, offer for sale and sell their respective products on Amazon and other Internet sites.  ECF No. 1 at PageID. 7-11.  Plaintiff has alleged that a reasonable consumer encountering on the Internet Defendant's products bearing KIVA Mark, Tagline or the Infringing Names, is likely to be confused with about the source of those products since Plaintiff also markets its same or closely related goods on the Internet.  This factor also weighs in Plaintiff's favor.

Because the Court finds that the three most important factors in *Sleekcraft* weigh in favor of Plaintiff and cannot find that the remaining factors weigh strongly against the likelihood of confusion, the Court finds that the First Count in the Complaint states a claim on which Plaintiff may recover and the allegations in the First Count are sufficiently pled and supported by Plaintiff's *Motion*.

### b.  Second Count: Federal Unfair Competition in Violation of Sections 43(a), 44(h) and 44(i) of the Lanham Act

To prevail on the Second Count, unfair competition, a plaintiff must prove two elements:  (1) it has a valid, protectable trademark, and (2) the defendant's use

of the mark is likely to cause consumer confusion. *Brookfield*, 174 F.3d at 1047.

As discussed under Count I, Plaintiff has demonstrated that the marks are

registered and are valid, protectable trademarks, and Defendant's use of its

infringing marks are likely to cause confusion. *See supra* Part B.2.a.  Accordingly,

the Second Count states a claim on which Plaintiff can recover and is sufficiently

pled.

### c.  Third & Fourth Count: Unfair and Deceptive Trade Practices Under State Law & Unfair Competition Under State Law

Hawaii statute, Haw. Rev. Stat. § 481A-3, provides that "[a] person engages

in a deceptive trade practice when, in the course of the person's business . . . the

person: . . . (2) Causes likelihood of confusion or of misunderstanding as to the

source, sponsorship, approval, or certification of goods or services . . . ."  Haw.

Rev. Stat. § 480-2 provides that "[u]nfair methods of competition and unfair or

deceptive trade acts or practices in the conduct of any trade or commerce are

unlawful."  Allegations that a defendant's conduct are likely to cause consumer

confusion, alleged in support of a claim for unfair and deceptive trade practices

under HRS § 481A (Third Count), may also support a § 480-2 claim for unfair

competition (Fourth Count). *See, e.g.*, *Star Markets, Ltd. v. Texaco, Inc.*, 945 F.

Supp. 1344, 1348 (D. Haw. 1996) (denying motion to dismiss and finding that

plaintiff's likelihood of confusion allegations may support claims under both HRS

§§ 481A and 480-2).  Plaintiff has alleged that Defendant's use of the KIVA Mark,

Tagline and Infringing Names is likely to cause confusion as to the source of Defendant's goods and therefore, the Third and Fourth Counts state a claim on which Plaintiff can recover and are sufficiently pled.

Lastly, Plaintiff alleged sufficient facts for this Court to find that Defendant's acts were willful.  Specifically, Plaintiff alleges that Defendant was notified via letters from Plaintiff's counsel dated August 24, 2020 and August 25, 2020, of Kiva's ownership and registration of its KIVA Marks and Tagline, and that Defendant's use thereof or of marks confusingly similar thereto constituted infringement thereof.  ECF No. 1 at PageID.13-14.  Defendant and its counsel responded to those letters and yet refused to cease and desist the infringing use.  *Id.* Defendant's continued infringing use despite such notice constitutes willful conduct.

### 3.  The Sum of Money at Stake.

The fourth *Eitel* factor focuses on the amount of money at stake in relation to the seriousness of Defendant's conduct.  *Pepsico, Inc.*, 238 F. Supp. 2d at 1176. Plaintiff alleges that without the benefit of discovery and expert opinion, it is unable to establish its monetary damages.  Thus, this factor is nondispositive at this time.

### 4.  The Possibility of Disputed Material Facts.

14

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. No dispute exists regarding the allegations of the Complaint. This factor thus favors entry of default judgment.

### 5. Whether Default Was Due to Excusable Neglect.

Under the sixth *Eitel* factor, the Court considers whether Defendant's default resulted from excusable neglect. On November 11, 2021, Plaintiff served the Summons and Complaint on Defendant pursuant to the Hague Service Convention, and thereafter Plaintiff filed a Proof of Service and Certificate from the Indian Central Authority. *See* ECF 19. Defendant failed to respond to the Complaint. Thus, the record does not suggest that Defendant's default was the result of excusable neglect, but it appears that the defaults are due to Defendant's conscious and willful decision not to defend. This factor thus favors default judgment.

### 6. The Policy Favoring Decisions on the Merits.

There is a policy of favoring decisions on the merits, and default judgments are disfavored. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). This factor weighs against default judgment.

### 7. Totality of Eitel Factors

After careful consideration of the *Eitel* factors, the Court **FINDS** that five (5) out of the (7) *Eitel* factors weigh in favor of default judgment. This Court thus

15

**RECOMMENDS** that Plaintiff's request for default judgment against the Defendants be **GRANTED**.

### C. Remedies

Plaintiff requests the following relief: (1) a declaration that Defendant's use of the KIVA Mark, Taglines and Infringing Names are in violation of the Lanham Act and HRS §§ 481A and 480-2, and entry of a permanent injunction against Defendant, its employees and agents, and others acting in concert with them; (2) damages; and (3) attorneys' fees and costs. Each of these requested remedies is addressed below.

#### 1. Injunctive Relief

Plaintiff seeks an entry of a permanent injunction against the Defendant.

According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted).

As to the first *eBay* factor, Plaintiff has established that the Defendant violated Sections 32 *et seq.* and 43(a) of the Lanham Act and thus, there is a rebuttable presumption of irreparable harm unrebutted by Defendant. *See* 15 U.S.C. § 1116(a). Further, Plaintiff's inability to control the Defendant's use of

16

the Kiva Mark, Tagline and Infringing Names is potentially damaging to Plaintiff's brand as Plaintiff cannot control the effect Defendant's use has on its business reputation.  As to the second *eBay* factor, although Plaintiff alleges it will continue to incur substantial monetary damages, due to Defendant's nonappearance, Plaintiff is unable to calculate such damages without discovery.  Accordingly, such damages are inadequate to compensate Plaintiff for its injury.

Plaintiff has also established the third *eBay* factor, balance of hardships. Plaintiff has alleged that it will be severely harmed by Defendant's continued infringement.  Without an equitable remedy, Defendant will continue to use the KIVA Mark, Tagline and Infringing Names to do business while Plaintiff will continue to lose profits and suffer damages to its goodwill and business reputation. The Fourth *eBay* factor, evaluates whether Plaintiff has established that the public interest would not be disserved by a permanent injunction.  "The usual public interest concern" in trademark cases is avoiding confusion to customers.  *Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 993 (9th Cir. 2009).  The Court is unable to find that a permanent injunction in this case would cause any disservice to this public interest.  The Court thus **RECOMMENDS** that a permanent injunction should be entered against the Defendant.

### 2. Damages

Plaintiff alleges it is unable to calculate its damages due to Defendant's failure to appear in this action.  Although the *Motion* is unopposed, the Court finds that Plaintiff's request for monetary damages should be denied without prejudice.

### 3. Attorneys' Fees and Costs

The Court shall not address Plaintiff's request for attorneys' fees and costs at this time, but permitted Plaintiff to file a separate motion for its attorneys' fees and costs by no later than December 1, 2022.

## <u>CONCLUSION</u>

In accordance with the foregoing, the Court **FINDS** and **RECOMMENDS** that Plaintiff's *Motion* be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's request for default judgment should be **GRANTED**;

2. Plaintiff's request for damages should be **DENIED WITHOUT PREJUDICE**;

3. Plaintiff's request for entry of permanent injunction should be GRANTED.  Pursuant to 15 U.S.C. § 1116, Defendant, its officers, directors, principals, owners, shareholders, agents, servants, employees, attorneys and all entities and individuals acting in concert or participation with or on behalf of Defendant are enjoined from:

18

a. Using the KIVA, AKIVA, AKIVA LOVE, or AKIVA SUPERFOODS names and marks, with or without design elements, and the SUPERFOODS FOR A SUPER YOU! tagline, in conjunction with the manufacture, offer for sale, sale and distribution of food, food products, or food supplements, in commerce or otherwise, or any other such terms that, by unfair and deceptive means, confuses consumers and the general public as to the source or origin of Plaintiff's and Defendant's respective goods, or as to whether Plaintiff is affiliated with, sponsors, is associated with or approves of Defendant or its goods;

b. Engaging in any other activity constituting unfair competition or false designation of origin in violation of 15 U.S.C. §§ 1125(a), 1126(h), and 1126(i);

c. Engaging in any activity or conduct constituting unfair competition, in violation of Haw. Rev. Stat. § 480-2;

d. Engaging in any activity or conduct constituting a deceptive trade practice in violation of Haw. Rev. Stat. § 481A-3; and

e. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities or conduct referenced above;

The Court directs Plaintiff to (1) serve a copy of this Findings and Recommendations on the Defendants and (2) file a Certificate of Service indicating the date of service by no later than February 3, 2023.

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaiʻi, January 20, 2023.



Rom A. Trader
United States Magistrate Judge

Civ. No. 21-00042 HG-RT; *Kiva Health Brands LLC v. Goodvitamin Foods Pvt. Ltd.*; Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment