IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIVA HEALTH BRANDS LLC, A NEVADA LIMITED LIABILITY COMPANY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOODVITAMIN FOODS PVT. LTD., DOES 1-20 INCLUSIVE,<br><br>                    Defendants. | CIV. NO. 21-00042 HG-RT<br><br>AMENDED FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND RELATED COSTS |

**AMENDED FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES AND RELATED COSTS**

Before the Court is Plaintiff Kiva Health Brands LLC's ("Plaintiff") *Motion for Award of Attorneys' Fees and Related Costs* ("Motion"), filed on December 1, 2022. ECF No. 28. Plaintiff seeks attorneys' fees in the amount of $33,432.00, GET in the amount of $1,575.32, and costs in the amount of $1,465.00. In total, including general excise taxes, Plaintiff seeks an award of $36,472.32.[1] The Court elects to decide this matter without a hearing pursuant to LR7.1(c) of the Local

---

[1] Plaintiff seems to have miscalculated some amounts in its chart. The Court used the hourly rate and hours requested in Plaintiff's chart (ECF No. 28-1 at PageID.237) to calculate the total fees being requested.

Rules of Practice for the United District Court for the District of Hawaii ("Local Rules" or "LR").

After careful review of the Motion, exhibits, records and files in this case and applicable law, the Court **FINDS** that Plaintiff is entitled to its attorneys' fees and costs, and **RECOMMENDS** that the district court **GRANT** Plaintiff's reasonable attorneys' fees in the amount of **$27,397.00**, GET in the amount of **$1,290.95** and costs in the amount of **$1,465.00** for a **total of $30,152.95**. The Court **RECOMMENDS** that attorneys' fees and taxes in the amount of **$6,319.37** be **DENIED** as unreasonable.

## BACKGROUND

On January 20, 2023, this Court issued its *Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment* and granted Plaintiff leave to file a separate motion for its attorneys' fees and costs by no later than December 1, 2022. ECF No. 29 at PageID.296. Plaintiff timely filed its *Motion*. ECF No. 28.

## DISCUSSION

### A.   Jurisdiction

The Court incorporates its discussion regarding jurisdiction in its *Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment*. ECF No. 29 at PageID.280-285. This Court has federal

question jurisdiction over this case as the *Complaint* alleges federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 et seq., 1125 et seq. and 1126 et seq. against Defendant GoodVitamin Foods Pvt. Ltd. ("Defendant").  ECF No. 1 at PageID.3.  This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.  *Id.* at 3-4.  Plaintiff is a Nevada limited liability company with a place of business located in Honolulu, Hawaii.  *Id.* at 2.

Plaintiff alleges that this Court has personal jurisdiction over Defendant because Defendant "directly or indirectly transacts business within this judicial district, and/or has committed tortious acts within this judicial district causing injury to Plaintiff."  *Id.* at 4.  Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 4(k)(2), the federal long-arm statute, sets forth that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:"

(A)   The defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
(B)   Exercising jurisdiction is consistent with the United States Constitution and laws.

The law requires that Plaintiff prove three factors in order for the long-arm statute to apply.  "First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state

court of general jurisdiction.  Third, the federal court's exercise of personal

jurisdiction must comport with due process."  *See Pebble Beach Co. v. Caddy*, 453

F.3d 1151, 1159 (9th Cir. 2006) (citation omitted).  In this case, Plaintiff's claim

arises under federal trademark law, it is not alleged that Defendant is subject to the

personal jurisdiction of any state court of general jurisdiction and the exercise of

jurisdiction comports with due process.

The due process requirement is satisfied by meeting three conditions: "(1) a

nonresident defendant must either purposefully direct his activities to the United

States or purposefully avail himself of the privilege of conducting activities in the

United States; (2) the claim must arise out of or relate to those U.S.—related

activities; and (3) exercising jurisdiction must be reasonable."  *42 Ventures, LLC v.*

*Mav*, Civ. No. 20-00228 DKW-WRP, 2022 WL 2400030 at *3 (D. Haw. June 15,

2022) (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 &

1072 (9th Cir. 2017)).  For trademark infringement, a plaintiff satisfies the first

condition listed above by showing either "(1) that the tortious conduct occurred in

the United States; or (2) that out-of-forum tortious conduct was purposefully

directed to the United States."  *Id.*  In this case, the Complaint alleges that

Defendant's unauthorized use of Plaintiff's mark, taglines and infringing names in

the manufacture, sale and distribution of products occurred in the United States

and/or was purposefully directed to the United States when Defendant offered its

goods for sale in the United States via the Amazon.com website. *See* ECF No. 1 at PageID.7-8. Thus, the first and second requirements are met.

The burden then shifts to the Defendant to set forth a "'compelling case" as to why the exercise of jurisdiction would not be reasonable. *See 42 Ventures*, 2022 WL 2400030 at *5; *Mavrix Photo., Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). Because Defendant failed to answer the *Complaint* or appear in this case, there is no evidence establishing that the exercise of jurisdiction would not be reasonable. Accordingly, the Court finds it has personal jurisdiction over Defendant.

### B. Entitlement to Attorneys' Fees

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. If Plaintiff is awarded default judgment, there is no question as to whether Plaintiff is a prevailing party. The question is whether this case is an exceptional case such that reasonable attorneys' fees should be awarded. "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir.

2002)); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (citing *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000)).

In this case, the *Complaint* alleges that Defendant's trademark infringement was malicious and willful. The *Complaint* states: "Defendant GoodVitamin's actions and conduct as alleged . . . demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's KIVA Brand, to the irreparable injury of Plaintiff, its KIVA Brand, and its goodwill and business reputation." ECF No. 1 at PageID.19. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987) (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Because the Complaint alleges that Defendant's conduct was malicious and willful, and the Court must take the factual allegations in the *Complaint* as true, the Court finds that this case is an exceptional case such that Plaintiff should be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117.

## C.  **Reasonable Attorneys' Fees**

Reasonable attorneys' fees are calculated using the traditional "lodestar" method of calculation, which multiplies (1) the reasonable hourly rate by (2) the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). There is a

strong presumption that the amount calculated using the lodestar method is reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *Fischer*, 214 F.3d at 1119 n.4. The lodestar calculation may also be adjusted based on factors listed in the case *Kerr*. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). These *Kerr* factors have not been subsumed in the lodestar calculation.

The chart below summarizes the Plaintiff's request for attorneys' fees:

| Timekeeper | Year | Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Colin O. Miwa | 2020 | $480 | 3.7 | $1,776.00 |
| | 2021 | $500 | 8.1 | $4,050.00 |
| | 2022 | $525 | 21.2 | $11,130.00[2] |
| Nathaniel Dang | 2020 | $270 | 13.9 | $3,753.00 |
| | 2021 | $280 | 18.2 | $5,096.00 |
| | 2022 | $290 | 26.3 | $7,627.00 |
| Total: | | | 91.4 | $33,432.00 |

ECF No. 28-1 at PageID.237. The Court shall next determine whether the hourly rate requested is reasonable.

---

[2] Plaintiff's chart contains a calculation error. Plaintiff's chart indicates that Mr. Miwa's 2022 fees is $11,122.50. However, $525 x 21.2 = $11,130.00. The Court will use the correctly calculated total.

### 1.   <u>Reasonable Hourly Rate</u>

The Court determines the reasonable hourly rate by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980-981 (9th Cir. 2008); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits. *See Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  In this case, the relevant community is Hawaii.

The attorney seeking fees has the responsibility to submit evidence to support the hourly rate requested. *Roberts*, 938 F.3d at 1024 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (*Camacho*, 523 F.3d at 980).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (quoting *Van Skike v. Dir., Office of Workers' Compensation Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009)).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). *See also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise

of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). Plaintiff requests the following hourly rates for the years 2020 through 2022 for each attorney:

| Timekeeper | Year | Experience | Hourly Rate |
|---|---|---|---|
| Colin O. Miwa | 2020 | 39 years | $480 |
| | 2021 | 40 years | $500 |
| | 2022 | 41 years | $525 |
| Nathaniel Dang | 2020 | 7 years | $270 |
| | 2021 | 8 years | $280 |
| | 2022 | 9 years | $290 |

Attorney Colin O. Miwa is lead counsel for Plaintiff and supervised attorney Nathaniel Dang. ECF No. 28-1 at PageID.238; ECF No. 28-2 at PageID.246. Mr. Miwa was a partner at Cades Schutte since 1989 until becoming Senior Counsel in 2021. He has been practicing law in Hawaii since 1981 and as of 2022, has 41 years of experience primarily in commercial and intellectual property litigation. He has been recognized in Super Lawyers for business litigation from 2015-2019 and as an IP Star by Managing Intellectual Property from 2014-2017. In support of the requested rates for Mr. Miwa, Plaintiff provides the Declaration of Nathaniel Dang and Exhibit B to the *Motion*. ECF Nos. 28-2 & 28-4. Exhibit B is a copy of an arbitration award by retired Chief Justice Ronald T.Y. Moon. However, Plaintiff does not provide any additional evidence beside its

own attorney's statement.  Further, Exhibit B shows the hourly rate awarded to various attorneys, but appears to be for work performed anywhere between 2013 through 2014, which is a different timeframe from the current fees.  Exhibit B also fails to explain the years of practice or the skill, experience and reputation of the attorneys listed.   The Court finds that the hourly rates requested for Mr. Miwa are excessive.  This Court is also well aware of the rates awarded in this district and finds that the following hourly rates are reasonable for work performed by Mr. Miwa.  *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); *Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'")).

| Timekeeper | Year | Experience | Requested Hourly Rate | Hourly Rate Awarded |
|---|---|---|---|---|
| Colin O. Miwa | 2020 | 39 years | $480 | $400 |
| | 2021 | 40 years | $500 | $410 |
| | 2022 | 41 years | $525 | $420 |

Attorney Nathaniel Dang is an associate at the law firm Cades Schutte since 2019 and focuses on litigation involving commercial disputes and intellectual property.  ECF Nos. 28-1 & 28-2.  It is not clear whether Mr. Dang has been

practicing law since he graduated from Washington University in St. Louis School

of Law in 2013.  However, prior to his employment at Cades Schutte, Mr. Dang

was an associate at Milbank LLP in Los Angeles from 2017 to 2019.  As of 2022,

Mr. Dang has been practicing law anywhere from 5 to 9 years.  The declaration

and Exhibit B submitted in support of the requested hourly rate for Mr. Dang does

little to support the hourly rates requested.  However, the Court is familiar and

experienced with the rates awarded in this district and finds that the following rates

for Mr. Dang reasonable:

| Timekeeper | Year | Experience | Requested Hourly Rate | Hourly Rate Awarded |
|---|---|---|---|---|
| Nathaniel Dang | 2020 | 7 years | $270 | $240 |
| | 2021 | 8 years | $280 | $250 |
| | 2022 | 9 years | $290 | $260 |

### 2.   **Reasonable Hours Expended**

In determining the reasonable hourly rate, the Court assesses whether the

hours of work performed are reasonably necessary to achieve the results obtained.

*See Barranco v. 3D Sys. Corp.*, Civ. No. 13-00412 LEK-RLP, 2014 WL

12650678, at *1 (D. Haw. Sept. 3, 2014) (citing *Tirona v. State Farm Mut. Auto.

Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993)).  "The party seeking fees bears the

burden of documenting the hours expended in the litigation and must submit

evidence supporting those hours and the rates claimed."  *Welch v. Metropolitan

Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983)).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary."  *Welch*, 480 F.3d at 946 (citation and quotation marks omitted).  In this case, the Court reduces the hours requested due to block-billing and clerical work.

Block-billing makes it difficult for the Court to determine how much time was spent on particular activities and thus, makes it difficult for the Court to determine whether the hours requested are reasonable.  *Cook Productions, LLC v. Stewart*, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at *6 (D. Haw. Oct. 24, 2017) (citing *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015)).  It is reasonable for the district court to conclude that the fee applicant failed to carry the burden of documenting the appropriate hours when the hours are block-billed.  *Welch*, 480 F.3d at 948 (citations omitted).  "The district court may reduce the amount of requested fees . . . to account for block billing . . . as long as it provides an adequate explanation for its fee calculation."  *Cook Productions,* 2017 WL 4797513 at *6 (citation omitted).  The Court reduces the following block-billed entries by 10% or a minimum of 0.1 hours.  *See Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (15% across-the-board reduction was appropriate for block billing).

| Date | Timekeeper | Hours Reduced | Description |
|---|---|---|---|
| 12/23/20 | Colin O. Miwa | 0.2 | Goodvitamin: review/revise complaint adv. Goodvitamin, conference with N. Dang re same (2.0) |
| 01/22/21 | Colin O. Miwa | 0.1 | Conference with N. Dang re service options; teleconference with S. Reiss re same; review email from Goodvitamin attorney (0.5) |
| 01/22/21 | Nathaniel Dang | 0.1 | Emails with T. Henderson and S. Reiss re service of Complaint pursuant to Hague Convention and communications with GoodVitamin (0.3) |
| 11/05/21 | Nathaniel Dang | 0.1 | Strategize re service of process issues pursuant to Hague Convention and email to T. Henderson re same. (0.3) |
| 01/18/22 | Nathaniel Dang | 0.1 | Emails with vendor re update on service attempts in India; review and analyze status update from vendor (0.2) |
| 02/03/22 | Colin O. Miwa | 0.1 | Goodvitamin; Review draft report to Court re alternative methods of service, teleconference with N. Dang re same (1.0) |
| 05/03/22 | Colin O. Miwa | 0.1 | Review draft entry of default; Call from N. Dang re same, legal issues re motion for default judgment pursuant to Rule 55 (1.0) |
| 08/11/22 | Colin O. Miwa | 0.1 | Draft/revise Tchad Henderson declaration in Support of Motion for Default Judgment, email to Tchad Henderson re same (1.0) |

The Court also reduces any requested time for clerical tasks.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  *Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010).  Preparing documents for filing and filing documents with the Court are clerical and noncompensable.  *OneWest Bank, FSB v. Farrar*, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 n. 2, *report and recommendation adopted as modified*,

Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing *Haw.*

*Motorsports Inv., Inc. v. Clayton Group Servs., Inc.*, Civ. No. 09-00304 SOM-

BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), *adopted by Haw.*

*Motorsports Inv. Inc. v. Clayton Group Servs.*, Civ. No. 09-00304 SOM-BMK,

2010 WL 5395669 (D. Haw. Dec. 22, 2010)).   Similarly, "coordinating service of

documents; and formatting or printing documents; reviewing court-generated

notices; notifying clients of court hearings; communications with court staff;

scheduling; and corresponding regarding deadlines" are all examples of clerical

work.  *Hawaii Def. Found. v. City & Cty. of Honolulu*, Civ. No. 12-00469 JMS-

RLP, 2014 WL 2804445, at *8 (D. Haw. Apr. 22, 2014), *report and*

*recommendation adopted as modified*, Civ. No. 12-00469 JMS, 2014 WL 2804448

(D. Haw. June 19, 2014) (citing *Ko Olina Dev., LLC v. Centex Homes,* Civ. No.

09–00272 DAE–LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011)).   The

Court reduces the following clerical entries:

| Date | Timekeeper | Hours Reduced | Description |
|---|---|---|---|
| 01/29/21 | Nathaniel Dang | 0.2 | Call with Court clerk re process for obtaining certified copies of case-opening documents for service in India pursuant to Hague Convention. (0.20) |
| 01/29/21 | Nathaniel Dang | 0.5 | Facilitate retrieval of certified copies of pleadings for service in India. (0.5) |
| 02/11/21 | Nathaniel Dang | 0.3 | Calls with courtroom clerk re continuance of Rule 16 Scheduling Conference. (0.30) |
| 02/11/21 | Nathaniel Dang | 0.9 | Prepare documents for service pursuant to Hague Convention.  (0.9) |

| | | | |
|---|---|---|---|
| 02/04/22 | Nathaniel Dang | 0.1 | Review docket entry continuing Rule 16 Scheduling Conference (0.1) |
| 04/21/22 | Nathaniel Dang | 0.1 | Finalize and file Return of Service (0.1) |
| 09/14/22 | Nathaniel Dang | 0.2 | Prepare Motion for Default Judgment for filing (0.2) |
| 09/15/22 | Nathaniel Dang | 0.5 | Revise, finalize, and file Motion for Default Judgment (0.5) |

### 3. **Total Lodestar Amount, and Total Fees**

The total reasonable attorneys' fees are calculated using the lodestar method by multiplying the number of hours reasonably expended by the reasonable hourly rate as shown below:

| Timekeeper | Year | Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Colin O. Miwa | 2020 | $400 | 3.5 | $1,400.00 |
| | 2021 | $410 | 8 | $3,280.00 |
| | 2022 | $420 | 20.9 | $8,778.00 |
| Nathaniel Dang | 2020 | $240 | 13.9 | $3,336.00 |
| | 2021 | $250 | 16.1 | $4,025.00 |
| | 2022 | $260 | 25.3 | $6,578.00 |
| Total: | | | 87.7 | $27,397.00 |

The total amount of fees that should be awarded is $27,397.00 with GET taxes (4.712%) in the amount of $1,290.95 for a total amount of **$28,687.45**.

### D. **Reasonable Costs**

Costs should be awarded to Plaintiff pursuant to Fed. R. Civ. P. 54(d)(1), which provides in relevant part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

*Id.*  Under LR54.1(f), "Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  *Id.*  Plaintiff seeks costs for hiring a private process server to serve Defendant through the Indian Central Authority in accordance with the Hague Convention.  Plaintiff provides receipts for these costs in Exhibit C to the *Motion*.  ECF No. 28-5.  The Court thus recommends that Plaintiff be awarded costs in the amount of $1,465.00.

### CONCLUSION

Based on the foregoing, the Court **FINDS** and **RECOMMENDS** that the district court **GRANT** Plaintiffs' *Motion for Attorneys' Fees*.  The Court **RECOMMENDS** that the district judge award Plaintiff **$27,397.00** in reasonable attorneys' fees and **$1,290.95** in GET taxes for a total of **$28,687.95** in fees and taxes.  The Court **RECOMMENDS** that the district court **DENY $6,319.37** ($35,007.32 - $28,687.95)  in fees and taxes.  The Court **RECOMMENDS** that the district court award Plaintiff costs in the amount of **$1,465.00** for a **TOTAL** of **$30,152.95** in fees, GET and costs.

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 19, 2023.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00042 HG-RT;  *Kiva Health Brands LLC, a Nevada Limited Liability Company vs. Goodvitamin Foods Pvt. Ltd.*;  Amended Findings and Recommendation to Grant Plaintiff's Motion for Award of Attorneys' Fees and Related Costs